UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SERGEI CHEPILKO,                                            :
                                                            :     **OPINION AND**
                          Plaintiff,                        :     **MEMORANDUM**
                                                            :
             -against-                                      :     13 Civ. 8821 (ALC)(JLC)
                                                            :
TELLABS, INC., et al.,                                      :
                                                            :
                          Defendants.                       :
                                                            :
------------------------------------------------------------X

**ANDREW L. CARTER, JR., District Judge:**

This action was brought by Plaintiff Sergei Chepilko ("Chepilko"), appearing *pro se*, against Tellabs, Inc., Marlin Equity Partners, and TD Ameritrade, Inc. (collectively, "Defendants") on December 11, 2013. The Complaint alleges violation of Section 18 of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78r[1], which concerns injury from reliance on an untrue or misleading statement made in a filing pursuant to the Exchange Act. Chepilko seeks compensatory damages in the amount of $20,000, along with punitive damages. Tellabs, Inc. and Marlin Equity Partners jointly filed their Motion to Dismiss the Complaint on January 16, 2015, and TD Ameritrade, Inc. filed its Motion to Dismiss the Complaint or, Alternatively, to Compel Arbitration, on that same date. Despite requesting and

---

[1] 15 U.S.C.A. § 78r(a) states, in relevant part: "Any person who shall make or cause to be made any statement in any application, report, or document filed pursuant to this chapter or any rule or regulation thereunder or any undertaking contained in a registration statement as provided in subsection (d) of section 78o of this title, which statement was at the time and in the light of the circumstances under which it was made false or misleading with respect to any material fact, shall be liable to any person (not knowing that such statement was false or misleading) who, in reliance upon such statement, shall have purchased or sold a security at a price which was affected by such statement, for damages caused by such reliance, unless the person sued shall prove that he acted in good faith and had no knowledge that such statement was false or misleading. A person seeking to enforce such liability may sue at law or in equity in any court of competent jurisdiction."

1

COPIES MAILED

being granted an extension[2] of the deadline to oppose the aforementioned Motions, Chepilko has failed to oppose the Motions. For the reasons stated herein, the Complaint is DISMISSED in its entirety with prejudice for failure of Chepilko to show that Defendants filed a document required by the Exchange Act containing an untrue or misleading statement, which is essential for a theory under Section 18 to succeed. Due to disposition on this ground, the Court declines to consider the other bases for dismissal offered by Defendants.

## BACKGROUND

Chepilko claims that in November and December 2012, Defendants posted false and misleading information on their websites regarding the record date for the payment of dividends to shareholders of Tellabs, Inc. at a value of one dollar per share. Compl. 3. In reliance on the information indicating that the record date was December 12, 2012, Chepilko sold his 20,000 shares of Tellabs, Inc. on that date, which he expected to result in a dividend payment of $20,000. *Id.* But his sale of the 20,000 shares did not generate a payment in that amount, and Chepilko suffered a substantial loss. *Id.* Marlin Equity Partners acquired Tellabs, Inc. on December 4, 2013. *Id.*

## STANDARD OF REVIEW

---

[2] The original deadline to oppose the Motions was February 25, 2015. On that date, Chepilko submitted a letter to the Court requesting a 10-day extension. The Court granted a more generous adjournment of the deadline to March 9, 2015. On March 20, 2015, the Court ruled that the Motions would be considered unopposed. Well before Chepilko's request for an adjournment of the deadline to oppose Defendants' Motions to Dismiss, during a pre-motion conference on October 6, 2014, the Court granted Chepilko's request for leave to file an Amended Complaint by November 5, 2014. On that due date, Chepilko requested an adjournment of the deadline and the Court granted an extension to November 17, 2015. Chepilko again did not file an Amended Complaint. On November 24, 2014, the Court *sua sponte* issued an Order extending the deadline to file an Amended Complaint to December 1, 2014 and indicated that Chepilko's failure to file would result in dismissal of the action for failure to prosecute. Chepilko again failed to file amended pleadings or otherwise respond to the Court's Order. The Court held a telephone status conference on December 19, 2014, during which Chepilko indicated that he no longer wanted to amend the Complaint. Accordingly, the Court set a briefing schedule. As of the entry of this Opinion and Memorandum, since the Court's March 20, 2015 Order, Chepilko has not made any filing to the Court whatsoever.

To withstand a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "need not include detailed factual allegations, but must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Corona Realty Holding, LLC v. Town of N. Hempstead*, 382 F. App'x 70, 71 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). Incantation of the elements of a cause of action, "supported by mere conclusory statements," is not enough to show plausibility. *Id.* at 72. And yet "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (internal quotation marks omitted). In particular, "the pleadings of a *pro se* plaintiff ... should be interpreted to raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotation marks omitted).

## DISCUSSION

To prove liability under Section 18 of the Exchange Act, a plaintiff must show that: "(1) a false or misleading statement was contained in a document filed pursuant to the Exchange Act (or any rule or regulation thereunder); (2) defendant made or caused to be made the false or misleading statement; (3) plaintiff relied on the false statement; and (4) the reliance caused loss to the plaintiff." *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 433, 478 (S.D.N.Y. 2005). *See also Ross v. A. H. Robins Co., Inc.*, 607 F.2d 545, 556 (2d Cir. 1979) (material misstatement or omission must be in a document filed with the SEC).

It is enough to defeat Chepilko's claim that the websites he refers to as containing false and misleading information are not "document[s] filed pursuant to the Exchange Act (or any rule

3

or regulation thereunder)." *See Alstom*, 406 F. Supp. 2d at 481 (Form F-3 and press releases are not documents filed pursuant to the Exchange Act, and although in some instances Form 6-K is required to be filed, SEC regulations explicitly exempt that document from creating Section 18 liability); *Moran v. Kidder Peabody & Co.*, 609 F. Supp. 661, 667 (S.D.N.Y. 1985) (dismissal because plaintiff "failed to identify any application, report or document filed with the SEC containing untrue statements"); *Gross v. Diversified Mortg. Investors*, 438 F. Supp. 190, 196 (S.D.N.Y. 1977) (no Section 18 liability where prospectus was filed pursuant to the Securities Act of 1933 and not the Exchange Act).

## CONCLUSION

For the aforementioned reasons, Chepilko's Complaint is DISMISSED in its entirety with prejudice. The Clerk of Court is respectfully directed to terminate ECF Nos. 30 and 33, as well as to close this case.

**SO ORDERED.**

**Dated:**  New York, New York
June 8, 2015

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**